On Application for Rehearing.
The many issues presented, involving small amounts, has resulted in two escaping direct attention. We, at this time, make needful amendments.
In reference to the proportion to which counsel call our attention, i. e., opponent’s interest, “it is the difference between $1,928.00 and $284,” equal to $1,644.00. We have found no good reason for increasing the $284.00 by adding $300.00 to it, being the enhanced value of land through erection by the mother of a residence on it.
The next item to which objection is raised on this application for a rehearing relates to expenses of the minor. The amount claimed in the account is thirty dollars per p,nnum since 1883, amounting to $390.00. In the opinion of the District Court, which forms no part of the decree, there is a hastily written expression: “The minor must, how *2088 ever, be charged with the amount of thirty dollars a year, and this to be from the date of her father’s death.” The decree itself is correct enough, for, after making certain changes in, and amendments of, the account in which not the least mention is made of the thirty dollars a year, the court approves and homologates the final account. This approves the item in question as written in the account, and it cannot be affected in any manner by the hastily written words in the opinion of the district judge.,
. ■ We have reconsidered the. item claimed for interest on money received, and the result is that as between this mother and her daughter, we think that full justice has been done, and that no interest is due as claimed on rehearing. In allowing rent for the land, we took into account all values. It should not now be increased by adding interest to the $900.00 charged for rent.
As relates to the remainder, if account be kept of the indebtedness of the minor for her support, in matter of this interest the amount would be very little, if any, in hex favor.
As relates to the horse, counsel calls attention to this evidence: “When I married Mrs. Sims, I fo.und one horse on the place. It was there when first inventory was taken. I can’t say why it was not placed on the first inventory. I swapped it for a mule, which I have yet. The mule was worth about sixty dollars when I got it.”
This amount is, therefore, charged'to defendants in solido.
A further deduction of seven dollars from credits allowed the tutrix is asked. The husband of the tutrix testified that an item of seven dollars on the account is not correct. It will he deducted.
We have chosen to make the foregoing corrections at this time and on this application. We have given careful attention to each item of the account. In view of the details in matter of the settlement of this succession, nearly all of facts, we have given attention to all questions arising on the application fox a rehearing.
• It is ordered, adjudged and decreed that our decree on this appeal be and the same is hereby amended by charging the tutrix with one item of sixty dollars, and another of seven dollars; and to that extent, to-wit: $67.00, the judgment of the District Court homologating' the account is amended.
. It is further ordered, adjudged and decreed that our former judgment be amended by charging the costs of appeal to the appellee.
As amended, our former decree remains and the rehearing is refused.